UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALONZO SHAFFER,

    Plaintiff,

v.

CMDA LAW FIRM,

    Defendant.

_____/

CASE No. 1:22-cv-905

HON. ROBERT J. JONKER

## ORDER OF DISMISSAL

This is one of nine civil actions plaintiff filed in this Court.[1] Plaintiff has proceeded, or sought to proceed, IFP in all nine cases under 28 U.S.C. § 1915. Judgment has entered against him in six cases that have concluded so far. Three of the cases he filed this calendar year remain pending, including this one, but the Magistrate Judge has filed a Report and Recommendation that this action be dismissed under Section 1915(e)(2) as frivolous, malicious or for failure to state a claim. (ECF No. 7). Plaintiff has filed a motion seeking an extension of time to file objections to the Report and Recommendation (ECF No. 10), but the Court does not see good cause for that on this record. Plaintiff's filings in this case do not even establish a basis for this Court's subject

---

[1] The other eight are: *Shaffer v. Hilton Hotel*, Case No. 1:19-cv-311-RJJ-RSK; 2) *Shaffer v. Hertz Rental*, Case No. 1:19-cv-312-JTN-ESC; 3) *Shaffer v. Woods*, Case No. 1:19-cv-313-JTN-ESC; 4) *Shaffer v. Moore*, Case No. 20-cv-794-HYJ-SJB; 5) *Shaffer v. St. Joseph County*, Case No. 1:22-cv-564-RJJ-PJG; 6) *Shaffer v. Unknown Parties*, Case No. 1:22-cv-804-JMB-PJG; 7) *Shaffer v. Koenig*, Case No. 1:22-cv-883-PLM-PJG; and 8) *Shaffer v. Reyhout*, Case No. 1:16-cv-883-RJJ-PJG.

matter jurisdiction, let alone state a plausible claim for relief.  The case warrants dismissal without delay.

The Court has a duty to read a pro se plaintiff's complaint indulgently. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Kent v. Johnson*, 821 F.2d 1220, 1223-24 (6th Cir. 1987). But even upon a liberal reading of plaintiff's complaint, there is nothing here for this Court to adjudicate.  The Complaint is a single page of conclusory assertions that the CMDA law firm has engaged in misconduct, crime, gross negligence and a host of other wrongs, but there is no factual assertion of any kind.  Presumably plaintiff continues to be disappointed with the results of earlier litigation in this Court in which he sued defendants represented by CMDA.  But even that is not clear from the single page litany of accusations.

What is clear is that plaintiff has failed to allege any basis for this Court's subject matter jurisdiction.  There is no diversity because both plaintiff and CMDA are citizens of Michigan.  Nor is there any substantial federal question presented on the face of the complaint.  There is a stray reference to Section 1983, but no allegations of how this could possibly apply to a private actor like CMDA.  And there is a second stray reference to a federal criminal statute that does not apply at all in a civil action like this.  "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). The attenuated, unsubstantial allegations in the complaint are insufficient to establish subject matter jurisdiction in this Court.

Moreover, even assuming this Court had a basis for subject matter jurisdiction, the case is still subject to dismissal under Section 1915(e)(2) for precisely the reasons the Magistrate Judge details in his Report and Recommendation. The undersigned adopts and incorporates those reasons by reference here.

Accordingly, the Court, based on its own independent review of the file concludes that this matter must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1), or as frivolous, malicious and for failure to state a claim under Section 1915(e)(2). The Court denies plaintiff's request for additional time (ECF No. 10) for lack of good cause and as futile on this record. Plaintiff's other motions are moot or meritless. The undersigned further finds that an appeal of this decision would be frivolous and not in good faith. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED.**


Dated:  November 1, 2022           /s/ Robert J. Jonker
                                   ROBERT J. JONKER
                                   UNITED STATES DISTRICT JUDGE